UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                        Case No. 1:12-CR-132

v.                                        HON. ROBERT HOLMES BELL

CAESAR GARZA,

       Defendant.
_____/

## MEMORANDUM OPINION AND ORDER

Defendant Caesar Garza has filed a motion for modification or reduction of sentence (ECF No. 1588) pursuant to 18 U.S.C. §3582(c)(2) on the basis of Amendment 782 of the United States Sentencing Guidelines, made retroactive by the Sentencing Commission.

Mr. Garza was a member of the Latin Kings Gang which included drugs, firearms, and acts of violence. He attended Holland Latin Kings' meetings regularly. Mr. Garza took an oath as a full member of loyalty and along with other gang members, aided and abetted the stabbing of a rival gang member as retribution for stealing marijuana from the Holland Latin Kings.

Section 3582(c)(2) permits a court to reduce the term of imprisonment of a defendant who has been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Amendment 782 of the United States Sentencing Guidelines reduced by two levels the offense levels assigned to the quantities that trigger the statutory mandatory minimum penalties in U.S.S.G. §§ 2D1.1 and 2D1.11. These modifications were made retroactive effective November 1, 2014. U.S.S.G. § 1B1.10.

Defendant Garza came before this Court for sentencing on October 13, 2013, with an adjusted offense level 35 and Criminal History Category V, and Guideline Range of 240 months. Due to a 5K1.1 plea agreement based on the defendant's substantial assistance, the Court granted a 5-level downward departure. Upon stipulation of the parties, the Court used offense level 33 as the beginning total offense level, resulting in an adjusted offense level 28, Criminal History Category V, and Guideline Range of 130 - 162 months. Defendant was sentenced to 144 months custody followed by three years supervised release and $100 special assessment. On April 2, 2015, Defendant's Judgment was amended to 108 months custody pursuant to the Government's Fed. R. Crim P. 35(b) motion.

The Probation Department has filed a Sentence Modification Report (ECF No. 1604) recommending a 1-level reduction from Adjusted Offense Level 35 to 34, Criminal History Category V, and Guideline Range 235 to 240 months.

Counsel for the Defendant and the Government have filed responses to the Sentence Modification Report (ECF Nos. 1635 and 1653) concurring with the Probation Department's Assessment that Defendant Garza is eligible for a sentence reduction. The Probation Department is recommending a sentencing reduction of two months to 106 months custody, indicating this reduction would be consistent considering his new guidelines are 235 to 240 months. Defendant's counsel is requesting a further reduction than recommended in the Sentence Modification Report due to Defendant Garza having been "effectively deprived of the two level reduction in this case due to having been afforded other consideration for his significant and meaningful cooperation."

"In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the Court *may* reduce the term of imprisonment, after considering the factors set forth in section

3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c) (emphasis added). As the foregoing language indicates, the "district court has the discretion to deny a section 3582(c) motion, even if the retroactive amendment has lowered the guideline range." *United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997) (citations omitted).

Each defendant that comes before this Court is given individual consideration and attention, and this Court must view each case and every defendant consistently. The Court has reviewed the factors set forth in 18 U.S.C. § 3553(a) and, exercising its discretion, will deny Defendant's Amendment 782 motion for reduction of sentence. The Court notes that Defendant has previously received two considerable sentencing reductions in this matter.

**NOW THEREFORE**, Defendant Caesar Garza's Amendment 782 motion for reduction of sentence (ECF No. 1588) is respectfully **DENIED**.


Dated: March 17, 2016             /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  UNITED STATES DISTRICT JUDGE